**PENNSYLVANIA RAILROAD COMPANY**

v.

**TRANSPORT WORKERS UNION OF AMERICA, A.F.L.-C.I.O.; Michael J. Quill; Eugene Attreed; Andrew Kaelin; C. A. Quigley; Local 2013 of United Railroad Workers Division of Transport Workers Union of America, C.I.O., in their own right and as representative of other local unions of Transport Workers Union of America, C.I.O. and as representative of Transport Workers Union of America, C.I.O.; John W. Mellon, Jr.; Edward B. Quigley; V. J. Elliott; E. D. Halstead; H. T. Flood; William Friel; Anthony Fanucchi; W. W. Wilson, individually, as officers of Local 2013 and as representatives of the members of Transport Workers Union of America, A.F.L.-C.I.O. employed by plaintiff.**

Civ. A. No. 30167.

United States District Court
E. D. Pennsylvania.
Aug. 30, 1961.

Barnes, Dechert, Price, Myers & Rhoads, by Matthew J. Broderick, Philadelphia, Pa., for plaintiff.

Richter, Lord & Levy, by Charles A. Lord, Philadelphia, Pa., for defendants.

WOOD, District Judge.

### Findings of Fact

1. Plaintiff, The Pennsylvania Railroad Company, a carrier operating in interstate and intrastate commerce in thirteen states and the District of Columbia, operates a system which is an integral part of the national railway system and connects and interchanges freight and passengers with other railroads at many points in the United States.

2. Defendant, Transport Workers Union of America, C. I. O., is a labor union and an unincorporated association which represents, for the purpose of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., approximately 11,000 of plaintiff's employees.

3. Defendants, Michael J. Quill, Eugene Attreed and Andrew Kaelin are international executive officers of the defendant Transport Workers Union of America and defendant C. A. Quigley is the International Representative of defendants Quill and Transport Workers Union of America in the Eastern District of Pennsylvania.

4. Defendant, Local 2013 of United Railroad Workers of Transport Workers of America, A. F. L.–C. I. O. represents, for the purpose of the Railway Labor Act, certain of plaintiff's employees and is doing business in the Eastern District of Pennsylvania. Defendants John W. Mellon, Jr., Edward B. Quigley, W. S. Usner, V. J. Elliott, E. D. Halstead, H. T. Flood, W. Friel, A. Fanucchi, W. W. Wilson are the executive officers of this defendant union.

5. The interests of all of the various local unions of the Transport Workers Union of America and all of the membership of the TWU will be adequately represented in the premises by the defendants.

6. There are presently in effect collectively bargained labor agreements, concluded in accordance with and under the terms of the Railway Labor Act, between plaintiff and defendant union, the latter acting as the representatives of some of plaintiff's employees, which agreements govern the rates of pay, rules and working conditions of some of plaintiff's employees.

7. On August 1, 1958, defendant TWU submitted to plaintiff proposals requesting changes in the provisions of the then existing collective bargaining agreement. Among these proposals was a request to eliminate Regulation 2–A–4 and to include a regulation which subsequently became numbered as Regulation 2–A–1(e).

8. Defendant TWU's proposals were discussed with plaintiff and, prior to the strike of September 1, 1960, plaintiff and defendant TWU agreed to a modification of Regulation 2–A–4 and also agreed to include, in substance, defendant TWU's proposal as Regulation 2–A–1(e).

9. The strike by defendant TWU against plaintiff in September, 1960, was settled on September 12, 1960 by the execution of a collective bargaining agreement which was to become effective on October 15, 1960. Such agreement included Regulation 2–A–4, as modified, and Regulation 2–A–1(e) in the form agreed to by the plaintiff and defendant TWU prior to the strike of September, 1960.

10. The agreement effective October 15, 1960 provides that it constitutes full and complete settlement of numerous matters, including defendant TWU's proposal of August 1, 1958.

11. Rule 2–A–4 concerns the upgrading of employees in the course of filling vacancies and Regulation 2–A–1(e) concerns the payment of a penalty by plaintiff for a transfer of an employee from one position to another position on the same shift.

12. Subsequent to October 15, 1960, a disagreement arose between plaintiff and defendant TWU concerning the interpretation and application of Regulations 2–A–4 and 2–A–1(e).

13. Plaintiff and defendant TWU were unable to resolve their disagreement, and accordingly, they agreed to submit the disputes to an impartial arbitrator for final and binding decision pursuant to the provisions of the Railway Labor Act. Such agreement was reduced to writing and signed by plaintiff and defendant TWU on March 9, 1961.

14. The arbitrator held hearings on April 27 and 28, 1961. At these hearings it was agreed by the parties that plaintiff could submit an affidavit from its Director of Labor Relations and the parties also agreed that they would "abide by the judgment of the Arbitrator as to how soon his decision is to be rendered."

15. An affidavit from plaintiff's Director of Labor Relations was submitted to the arbitrator on June 8, 1961, and a counter-affidavit was submitted by defendant TWU on June 29, 1961. The submission of the TWU affidavit closed the record before the arbitrator.

16. The arbitrator has not as yet rendered his decision.

17. On August 24, 1961 defendant Attreed notified plaintiff that defendant TWU and its locals intended to strike plaintiff's entire system as of 12:01 A. M., Friday, September 1, 1961.

18. On August 29, 1961, defendant TWU's Wilmington local distributed on plaintiff's property a written notice stating that a strike would commence as of 12:01 A.M., Friday, September 1, 1961.

19. The basis and the cause for the strike threat of defendant TWU and its locals is the disputes presently pending before the impartial arbitrator.

20. The disputes concerning Regulations 2–A–4 and 2–A–1(e), presently pending before the impartial arbitrator, involve the interpretation and application of the collective bargaining agreement in effect between plaintiff and defendant TWU.

21. Plaintiff's terminals, shops and yards, which would be affected by a strike or work stoppages by defendants are vital parts of plaintiff's facilities for handling freight and passengers moving interstate to and from various points on plaintiff's system. Competition with other railroads and motor carriers as well as the requirements of patrons for prompt service make it imperative that passenger and freight cars and trains be handled expeditiously in these terminals and yards.

22. A strike or work stoppage by members of defendant Unions would involve many facilities located throughout plaintiff's system, such as car shops, enginehouses, power plants and other facilities and would result in great inconvenience and damage to the traveling public and shippers and would prevent the movement of mail and United States Government supplies.

23. A strike or work stoppage by the members of defendant Unions would cause serious interruption to the national railway transportation system, prevent or interrupt the transportation of passengers, prevent the transportation of freight over the lines of plaintiff and from and to connecting carriers, and prevent the transportation of military supplies over the lines of plaintiff and from and to connecting carriers.

24. A strike or work stoppage by members of defendant Unions would result in a loss to plaintiff of approximately $2,000,000 per day during the continuance of any such strike or work stoppage and in addition would cause plaintiff to lose traffic which would be permanently and irrevocably diverted from plaintiff to other and competitive forms of transportation.

25. The threat of an imminent strike or work stoppage by members of defendant Unions results in a substantial loss of revenue per day to plaintiff during the continuance of such threat and causes plaintiff to lose traffic which will be permanently and irrevocably diverted from plaintiff to other competitive forms of transportation.

## Conclusions of Law

1. This Court has jurisdiction over the plaintiff and the defendants Transport Workers Union of America, AFL-CIO, Local Union 2013, Michael J. Quill, Eugene Attreed, Andrew Kaelin, C. A. Quigley, John W. Mellon, Jr., W. S. Usner, V. J. Elliott, E. D. Halstead, H. T. Flood, William Friel, Anthony Fanucchi and W. W. Wilson and over the subject matter of this action.

2. The disputes between the parties concerning Regulations 2–A–4 and 2–A–1(e) of the collective bargaining agreement have been submitted to arbitration pursuant to the provisions of the Railway Labor Act.

3. The disputes presently pending before the arbitrator involve the interpretation and application of an existing collective bargaining agreement.

4. A preliminary injunction is necessary to preserve the purpose and procedures provided for by the Railway Labor Act.

5. Immediate, irreparable and substantial injury will result to plaintiff unless an injunction is issued.

6. Greater damage would result to the plaintiff by denying this relief than would result to defendants by granting it.

7. Plaintiff has no adequate remedy at law.

8. The Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., does not prohibit this Court from enjoining the threatened strike in this case.

## Order Entering Preliminary Injunction

And now, August 30, 1961, upon the basis of the Findings of Fact and Conclusions of Law filed herewith, It Is Ordered that defendant, Transport Workers Union of America, A. F. L.–C. I. O. (hereafter called TWU), defendant Local 2013, and individual defendants Michael J. Quill, Eugene Attreed, Andrew Kaelin, C. A. Quigley, John W. Mellon, Jr., W. S. Usner, V. J. Elliott, E. D. Halstead, H. T. Flood, William Friel, Anthony Fanucchi and W. W. Wilson, individually and as representatives of (a) all the membership of the United Railroad Workers Division of TWU, (b) all of the TWU Local Unions on plaintiff's system, and (c) all of the members of the TWU employed on plaintiff's system, and each of them, their agents, servants, attorneys and employees, and all persons in active concert or participation with them, be and they are hereby restrained and enjoined until final hearing and judgment, or until further order of this Court:

(1) from threatening or calling, from instigating, authorizing, encouraging, participating in, approving or continuing a strike or work stoppage against plaintiff, resulting from disputes over Regulations 2–A–4 and 2–A–1(e) of the collective bargaining agreement of October 15, 1960, heretofore submitted to an arbitrator, and from all acts in furtherance or in support thereof; and

(2) from picketing the premises on which the plaintiff conducts its operations, including the entrances and any other places where said premises are situated, from interfering with ingress to or egress from said premises including the delivery, unloading, loading, dispatch and movement of plaintiff's rolling stock and equipment and the contents thereof or from loitering or congregating at or near any approaches thereto and upon any public street or highway leading to and from any place which the employes of the plaintiff or those having business with the plaintiff desire to enter or leave enroute to or from said premises;

(3) The Court does not wish to preclude representatives of the litigants from making statements to the press, radio and television media relative to the issues involved in this proceeding. However, the Court suggests that in the interests of achieving a satisfactory conclusion to all concerned that restraint be practiced and that such statements be left to counsel of record pending final determination of the matter; ·

(4) Since the difficult problems as to both parties to this proceeding appear to emanate from the unavailability of the final report of the arbitrator, it is urged that both parties use all reasonable means to have that report filed at the earliest possible date.

And It Is Further Ordered that the said defendants take all steps within their power to prevent said threatened strike from occurring or from continuing if commenced.

Security in the amount of $5,000 shall be entered by plaintiff.